IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>P.O. Box 710<br>Tucson, AZ 85702-0710<br><br>            Plaintiff,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C Street, NW<br>Washington, DC 20240<br><br>            Defendant. | Civil Action No. 25-cv-320<br><br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br><br>Freedom of Information Act, 5 U.S.C. § 552 |

1. On July 23, 2024, Plaintiff Center for Biological Diversity ("Center") submitted a request for records to Defendant U.S. Fish and Wildlife Service ("FWS") pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. In violation of FOIA, FWS has improperly withheld responsive records from the Center.

2. The Center requested records that document the Endangered Species Act ("ESA") consultation between FWS and the U.S. Department of Agriculture-Animal and Plant Health Inspection Service ("APHIS") regarding a proposal to conduct chemical pesticide treatments to "suppress" grasshoppers and crickets as part of the Rangeland Grasshopper and Mormon Cricket Suppression Program in 17 Western States.

3. The Center limited its request to records from January 1, 2023, to the date that FWS conducts its search for responsive records. The Center also provided FWS with likely record custodians and search parameters to begin a search for responsive emails.

4. Despite the Center's efforts to submit a specific and narrow request, FWS has failed to provide all responsive records to the Center in accordance with FOIA. Instead, it has

COMPLAINT                                                                         Center for Biological Diversity

produced only a small number of responsive records and has repeatedly missed its deadlines for production. FWS asserts that the Center has "no appeal rights" for this incomplete production.

5. The Center seeks declaratory relief establishing that Defendant has violated FOIA. The Center also seeks injunctive relief ordering Defendant to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Declaratory relief is appropriate under 28 U.S.C. § 2201.

9. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

10. Plaintiff Center for Biological Diversity is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats, including from exposure to toxic chemicals. The Center has more than 89,000 members. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of FWS's completion of ESA consultation in a manner that allows applications of pesticides intended to kill insects across 17 Western States. Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of

public interest. Absent this information, the Center cannot fully advance its mission to protect native species and their habitats.

11.     Defendant U.S. Fish and Wildlife Service is an agency of the U.S. government within the Department of the Interior. Under the ESA, FWS is the federal agency delegated responsibility from the Secretary of the Interior for completing consultation with other federal agencies to ensure that those agency actions do not jeopardize the survival and recovery of species protected by the ESA or destroy or adversely affect their critical habitats. 16 U.S.C. § 1536(a)(2). FWS is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

12.     FOIA requires agencies of the federal government to promptly release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

13.     FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

14.     Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i). In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

15. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

16. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

17. FOIA requires federal agencies to promptly disclose the requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

18. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

19. FOIA imposes strict deadlines on federal agencies to decide whether to grant or deny any appeals of their FOIA determinations. Specifically, agencies must decide appeals within 20 working days of receiving them. *Id.* § 552(a)(6)(A)(ii). An agency may extend the 20-working-day deadline for deciding an appeal by 10 additional days, but only if it provides written notice to the requester that sets forth "unusual circumstances" that justify the extension and a date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B).

20. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

21. If the agency can demonstrate "exceptional circumstances" and that it is exercising due diligence in responding to the request, FOIA authorizes this Court to retain jurisdiction and allow the agency additional time to complete its review of the records. *Id.* § 552(a)(6)(C)(i). Exceptional circumstances cannot be a "delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id.* § 552(a)(6)(C)(ii).

## STATEMENT OF FACTS

22. On July 23, 2024, the Center submitted to FWS a FOIA request for records from January 1, 2023, to the date that FWS conducts the relevant search as follows:

> records that document consultation pursuant to the Endangered Species Act [16 U.S.C. §§ 1531-1544] ("ESA") with the U.S. Department of Agriculture-Animal and Plant Health Inspection Services' ("APHIS") proposal to conduct chemical treatments to "suppress" grasshoppers and crickets as part of the Rangeland Grasshopper and Mormon Cricket Suppression Program in 17 Western States.[1]

Exhibit A. The Center also provided likely record custodians by email address and other search parameters likely to produce responsive records.

23. On July 24, 2024, FWS acknowledged that it had received the Center's FOIA request, assigned the request a tracking number, DOI-FWS-2024-000754, granted the Center's fee waiver request, and informed the Center that its request fell into the "Complex processing

---

[1] The 17 Western States are Arizona, California, Colorado, Idaho, Kansas, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, and Wyoming.

track" without further specific explanation as to this determination. FWS stated that it expected to "dispatch a determination" by October 18, 2024.

24. On October 21, 2024, the Center asked for a status update on the request and the October 18, 2024, determination.

25. On October 22, 2024, an employee of FWS stated that they didn't "know where the October 18th deadline came from" and, in response to the Center's request for an interim release as soon as possible, stated further that record searches "are being conducted . . . ."

26. On October 29, 2024, the Center had a phone call with FWS employees, during which FWS stated that it was still in "search and review mode" on the Center's request and would try to issue a partial release the following week.

27. On November 7, 2024, the Center sent another email to FWS asking whether it anticipated making a release that week, to which FWS responded it would not have anything until the following week, most likely Friday, November 15, 2024.

28. On November 15, 2024, the Center emailed FWS to ask whether it would provide a release that day. On the same date, FWS responded that the Interior Office of the Solicitor wanted to see "everything going out" and that it may not be until Monday, November 18, 2024.

29. On November 19, 2024, FWS provided its first interim response to the Center's request, stating it had "processed 247 pages" and determined to release all 247 pages in full. Over 200 of the 247 pages that FWS released consisted of two documents that that were previously provided to the Center in pending litigation: the APHIS Biological Assessment (and attachments) and the FWS ESA concurrence letter. FWS stated that because it was an interim response to the Center's request, "there are no appeal rights."

30. On November 20, 2024, the Center asked how many records remained and how often FWS would release them. FWS responded that the goal was to provide a second release in December 2024.

31. On December 18, 2024, the Center asked FWS if it still anticipated releasing records in December 2024. FWS responded that it would try to release records the first week of January 2025 but could not make any promises.

32. FWS has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B).

33. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

34. FWS has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold the records the Center requested in its July 23, 2024, request, tracking number DOI-FWS-2024-000754.

35. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF

**FWS Failed to Comply with FOIA's Mandatory Determination Deadline**

36. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

37. The Center properly requested records within the control of FWS through its July 23, 2024, request to FWS, tracking number DOI-FWS-2024-000754.

38. The Center has a statutory right to a lawful final determination from FWS on the Center's FOIA request, DOI-FWS-2024-000754, in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

39. FWS has violated the Center's rights in this regard by unlawfully delaying its determination beyond the deadline that FOIA mandates. *Id.*

40. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to FWS in the foreseeable future.

41. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's right to a timely determination under FOIA.

42. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

**FWS Failed to Conduct an Adequate Search for Responsive Records**

43. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

44. The Center has a statutory right to have FWS process the Center's FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

45. FWS violated the Center's rights in this regard by unlawfully failing to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request. *Id.*

46. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to FWS in the foreseeable future.

47. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

48. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

### FWS Failed to Promptly Disclose All Responsive Records

49. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

50. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

51. FWS has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

52. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to FWS in the foreseeable future.

53. The Center's organizational activities will be adversely affected if FWS is allowed to continue violating FOIA's disclosure provisions.

54. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

55. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that the Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request, submitted on July 23, 2024, tracking number DOI-FWS-2024-000754;

(2) Order the Defendant to search for any and all responsive records to Plaintiff's FOIA request, submitted on July 23, 2024, tracking number DOI-FWS-2024-000754, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(3) Order the Defendant to produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4) Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the records;

(5) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records or portions of the records are improperly withheld;

(6) Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court may deem just and proper.

DATED: February 4, 2025 Respectfully submitted,

*/s/ Stephanie M. Parent*
STEPHANIE M. PARENT (D.C. Bar No. OR0012)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Tel: (503) 320-3235
Fax: (503) 283-5528
sparent@biologicaldiversity.org

BENJAMIN T. RANKIN (D.C. Bar No. CA00215)
Center for Biological Diversity
1411 K St. NW Ste. 1300
Washington, D.C. 20005
Tel: (202) 849-8402
brankin@biologicaldiversity.org

*Attorneys for Plaintiff*